JOHN C. PUGH, Plaintiff, v. NORMAN JONES, Defendant.

(*November* 19, 1951.)

LAYTON, J., sitting.

*John J. DeLuca* and *William Prickett* for Plaintiff.

*Henry A. Wise, Jr.*, for Defendant.

Superior Court for New Castle County, No. 354, Civil Action, 1951.

LAYTON, J.:

Paragraph 3 of the complaint alleges that plaintiff was driving his automobile westerly on Tenth Street, in Wilmington: that defendant was operating his vehicle south on Market Street and that defendant negligently drove his vehicle into plaintiff's car. The fourth paragraph of the complaint specifies the acts of negligence on defendant's part and paragraph fifth sets forth the damages incurred.

Defendant's first defense denies each and every allegation of paragraph three of the complaint except that it admits that defendant was operating his machine on Market Street (not stating the direction). The answer fails to answer any portion of paragraph four and denies all of paragraph five of the complaint.

There is a counterclaim charging that defendant was operating his car on Market Street( failing to state the direction), that plaintiff was operating his car on Tenth Street (not stating the direction) and further charging plaintiff with certain specific acts of negligence. The counterclaim concludes with a demand for damages.

One of the allegations of the complaint expressly denied by the answer is that plaintiff was operating his machine on Tenth Street. Yet, in his counterclaim defendant states that plaintiff was proceeding on Tenth Street. Either he was or he was not. Had defendant been knocked unconscious as a result of the collision, or otherwise did not know what street plaintiff's machine was on, he could have answered that he was without knowledge of the fact which would have amounted, in effect, to a denial[1]. Rule 8(b). Otherwise, Rule 8(b) requires that a party shall set forth his defenses by admitting or denying the averments upon which the adverse party relies. Rule 11 states in effect that the signature of an attorney to a pleading constitutes a certificate that to the best of his knowledge and belief there is good ground to support it. But I am unable to imagine the existence of reasonable grounds for believing, on the one hand, the plaintiff's machine was proceeding along Tenth Street, and, on the other, that it was not. The motion to strike is granted.

The third defense set up in the answer is as follows: "If the defendant is guilty of negligence, the plaintiff is guilty of contributory negligence". There is a motion to strike this third defense because it does not particularize the acts of negligence upon which the defense of contributory negligence is based. Defendant contends that in a plea of contributory negligence it is not necessary to relate the acts of negligence upon

---

[1] It would seem, however, that under such unusual circumstances as here supposed, defendant would be under a duty to state why he did not know the fact.

which the plea is premised. I do not agree. Rule 9(b) requiring negligence to be pleaded with particularity is not limited to complaints and in my judgment, the same considerations which demand that the plaintiff set forth the acts of negligence on the part of defendant giving rise to liability on his part, require a like specification of those acts of negligence on plaintiff's part in support of a defense based upon contributory negligence.[2] Little reported authority seems to exist on this exact point. However, I do find the following form in *Moore's Federal Practice, Second Edition, Volume* 2, *Section* 8.27, *Page* 1698 setting forth a plea of contributory negligence which lends some support to my conclusion: "If defendant negligently injured the plaintiff as alleged in the complaint, the plaintiff was guilty of contributory negligence in that he failed to heed the signals given by the defendant, and was, at the time of the accident, crossing the highway in defiance of the traffic signals, and this negligence on the part of the plaintiff contributed to the alleged injury of the plaintiff."

It is my opinion that the acts of negligence supporting a defense of contributory negligence must be affirmatively pleaded. The second motion to strike is also granted.

---

[2]Rule 8(c) of the *Rules of the Superior Court* requires that certain enumerated defenses, including contributory negligence, be affirmatively pleaded. All Rules herein referred to are the same as the Federal Rules.